JOSEPH D. STARK ET AL. *v.* EDWARD GRIPP.

*Workmen's Compensation Law—Action Against Wrongdoer—*
*Employee as Plaintiff—Management of Automobile—*
*Evidence of Negligence.*

In an action on account of negligence in defendant's driving of a truck in which plaintiff was riding, evidence that he, and the seat on which he was sitting, were thrown out twelve feet to the side, as the truck turned a corner without slowing down, after coming down a grade "at a pretty good speed," justified the submission of the question of negligence to the jury.

pp. 656, 657

The fact that pins, which ordinarily held hinges by which the seat was attached to the truck body, were missing after the accident, did not affect the possibility of negligence in driving.

p. 657

Though an action can be brought, under section 58 of the Workmen's Compensation Act, by the injured employee against a person other than the employer, only on failure of the employer or insurer, within two months after an award by the Industrial Accident Commission, to bring such an action, the jury need not, in the action by the employee, find that no such action was brought by the employer or insurer, if this is conceded. pp. 657, 658

The right of the employer or insurer to reimbursement for compensation paid and incidental expenses, secured them by section 58, need not, in such a suit by the employee, be protected by having the suit instituted to their use, *pro tanto,* and the amount recovered apportioned in the verdict and judgment, though it may not be improper so to entitle suit, and have the jury apportion the amount recovered. pp. 658, 659

*Decided May 5th, 1926.*

Appeal from the Superior Court of Baltimore City (FRANK, J.).

Action by Edward Gripp against Joseph D. Stark and Louis Snesil, co-partners, trading as the Snesil Dairy Company. From a judgment for plaintiff, defendants appeal. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Edwin W. Wells,* submitting on brief, for the appellants.

*Clifton S. Brown,* with whom was Robert E. Kindred on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

The plaintiff, Gripp, now appellee, recovered judgment against the appellants for damages from personal injuries sustained by being thrown from their truck, while it was being driven by their chauffeur. He was a bricklayer, employed by a builder and contractor to wall in a clean-out door in a smoke-stack, on property of the appellants in Baltimore City, and, the door needing repairs, he was sent with it in the appellants' truck to a blacksmith. On the return from the blacksmith's, when the truck, coming south on Eden Street, turned to the right into Baltimore Street, Gripp, with the seat on which he was sitting, was thrown out to the left, and, in the fall to the street one of his legs was broken. His employer was insured by the State Accident Fund, and full compensation under the Workmen's Compensation Act (Code, article 101) was paid to the injured man from that fund, during his disability. No suit was brought by the employer or insurer over against the Snesil Dairy Company, the present appellants, within the two months after the award of compensation, and the workman himself brought this suit four months after the award, under section 58 of the act, and recovered the judgment from which the appeal has been taken.

On the appeal it is, first, contended that the trial court erred in refusing to direct the jury to find their verdict for

the defendants, as requested in the appellants' first prayer, on the ground that there was no evidence in the case legally sufficient to prove negligence in the driving of the truck. It is not disputed that the plaintiff, and the seat with him, were thrown out when the truck turned into Baltimore Street. In addition to that, the plaintiff himself testified that the truck came down the grade at a pretty good speed, and turned without slowing down, so that the seat was caused "to have an awful swing." He said he was thrown about twelve feet to the side. It seems to us a jury might reasonably conclude that a turning of the truck in such a way as to throw the weight of a man and the seat out from the truck so far, was not ordinarily careful driving.

There was no evidence of negligence in construction or upkeep of the track. After the accident, pins or rivets, which ordinarily held hinges by which the seat was attached to the truck body, were missing, and the defendants produced testimony that they were in place earlier on the day of the accident. But it cannot be said that this fact affects the possibility of negligence in driving; it seems to us it may have led the jury to believe that the force to which the seat and the passenger were subjected by the turn pulled the pins out, and that negligence in driving was all the more clearly shown by that fact. The question of negligence, we think was one for the jury to decide.

Another contention is that, in the plaintiff's prayers stating the grounds of a verdict in his favor, the jury should have been required to find, as a condition precedent to the workman's right of action, that no proceedings had been started by the employer or insurer, here the State Accident Fund, within two months after the award of compensation, under section 58 of the Workmen's Compensation Act. Under that section suit by the workman can be maintained only in the absence of a suit by the employer or insurer brought within the first two months, and the absence of such an earlier suit is, unquestionably, a condition precedent to suit by the workman and should be shown, in some way, in the latter suit. There is no suggestion in this case, either in the

argument in this court or in the record of the trial, that there·
was in fact a suit by the employer or by the State Accident.
Fund; on the contrary, the appellants say, in their brief,.
that "the case at bar falls under this section of the Code,.
for no action was taken by the employer within two months:
from the date of the award," and again, as to the possibility
of suit by the Fund, "that the· fact is that no such suit was:
brought appears from the testimony of McGreevy"—an agent
of the Fund. So the contention that the jury should have·
been required to find the absence of such a suit appears to·
be made, not because of any possibility that there may have.
been one, or because any purpose of the statute or any interest
of the appellants was to be subserved by such a finding, but
in order to establish a ground of contest by making the mere·
process of finding the absence of the earlier, preferred suit
an object in itself. But it would be a perversion of the·
statute to require any such purposeless step. It being con-
ceded that there was, in fact, no suit by the employer or the·
Fund, there was no question for the jury to answer on that:
point.

The appellants contend, further, that the right of the em-
ployer or insurer to reimbursement for compensation paid'
and incidental expenses, secured them by section 58 of the·
act, should, in a suit by the workman, be protected by hav--
ing the suit instituted to their use, *pro tanto,* and the amount:
recovered apportioned in the verdict and judgment. Even
if that should be true, these appellants would have no interest
to be protected by entering the suit so, or by having the·
judgment against them so apportioned, and they could not
ask that the judgment be reversed for lack of these things..
And the statute does not require them. Unlike the statute·
on death by negligence (Code, article 67), this statute con-
tains no requirement as to the form or title of the suit, and'
requires no apportionment. It speaks of a suit to be brought·
and prosecuted by the injured workman to enforce the lia-
bility, and provides only that from damages recovered the·
employer or insurer shall be reimbursed. See *Bethlehem*

*Steel Co. v. Variety Co.,* 139 Md. 313, 326. It may not be improper, in a suit under section 58, to entitle the case as contended for, and to have the jury make an apportionment of the amount in their verdict, but it is not necessary that it should be done. See *State v. New York, P. & N. R. Co.,* 141 Md. 305; *Clough & Molloy v. Shilling,* 149 Md. 189.

*Judgment affirmed, with costs to the appellee.*