CITY OF BALTIMORE *v.* MOORE

[No. 134, October Term, 1955.]

■

*Decided April 9, 1956.*

■

The cause was argued before BRUNE, C. J., and DELA-PLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*John R. Cicero, Assistant City Solicitor of Baltimore,* with whom were *Thomas N. Biddison, City Solicitor,* and *Edwin Harlan, Deputy City Solicitor,* on the brief, for the appellant.

*Bernard J. Flynn* and *Harry E. Goertz* for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

On April 27, 1953, Ronald L. Moore, an employee of Consolidated Gas, Electric Light and Power Company of Baltimore, was injured in an explosion near the Texas Company's gasoline filling station at 3905 Liberty Heights Avenue. He brought this action in tort in the Superior Court of Baltimore City against the Mayor and City Council of Baltimore, Baltimore Transit Company, the Texas

Company, and Bernard P. Schloss and Samuel Shapiro, the operators of the filling station.

In the declaration filed on February 24, 1954, plaintiff alleged that while he was on the sidewalk near the filling station, a violent explosion in the City's manhole under the sidewalk blew him into the air and permanently injured him. He claimed (1) that the City was negligent in failing to prevent gasoline and explosive vapors from entering the manhole; (2) that the Baltimore Transit Company, whose underground cables supplied electricity for the operation of its streetcars, failed to exercise proper care to prevent the explosion of gasoline and vapors in the manhole; and (3) that the Texas Company and its operators failed to keep their gasoline and vapors from escaping in the manhole.

On October 15, 1954, the City petitioned the Court to make Consolidated Gas, Electric Light and Power Company of Baltimore, plaintiff's employer, a party plaintiff. The City alleged that plaintiff was injured in an accident which arose out of and in the course of his employment; that he filed a claim for workmen's compensation with the State Industrial Accident Commission on May 29, 1953; that the Commission on June 9, 1953, ordered Consolidated to pay him compensation; and that if he should recover judgment in this case, it would inure in whole or in part to the benefit of Consolidated by subrogation under the Workmen's Compensation Act.

The particular section of the Act on which the City relied is Code Supp. 1955, art. 101, sec. 59. This section provides that where injury for which workmen's compensation is payable was caused under circumstances creating a legal liability in some person other than the employer to pay damages, (1) the employee may proceed either by law against such other person to recover damages or against the employer for compensation, or in case of joint tortfeasors against both; (2) the employer may enforce for his own benefit liability of any such person; provided that if damages are recovered in excess of the compensation already paid or awarded, then such excess

shall be paid to the employee; and (3) if the employer shall not, within two months from the passage of the award of the Commission, start proceedings to enforce the liability of such other person, the employee may enforce the liability of such other person; provided that if damages are recovered, the employee may first retain therefrom the expenses and costs of action incurred by him, and the employer shall be reimbursed for the compensation already paid or awarded, and the balance shall inure to the benefit of the employee.

The City further relied on a section of our Pleading and Practice Act, Code 1951, art. 75, sec. 3, which contains the provision that "every action for damages wherein the judgment or any part thereof, which may be recoverable, shall inure to the benefit of any person claiming the same by reason of subrogation, shall be prosecuted in the name or names of the real party or parties in interest so claiming by subrogation; and upon petition of any defendant to said suit or action, the Court shall order any person having such right by subrogation to be made a party plaintiff."

On October 15, 1954, the Court, acting summarily upon the City's petition, passed an order making Consolidated a party plaintiff.

On October 29, 1954, Consolidated, appearing specially, petitioned the Court to rescind its order of October 15. It complained that it had not received any summons, and that the Court had usurped its rights by passing the order without affording it any opportunity to be heard. It further alleged that it cannot be forced to become a plaintiff against its will under the theory of subrogation, because under the Workmen's Compensation Act it has the right to sue tortfeasors in its own name, and any right it may have to sue for reimbursement for compensation paid or awarded to an employee is inchoate until it enters suit, and if it does not enter suit any right against the tortfeasors is extinguished by the recovery of judgment by the employee; and therefore defendants cannot be injured if it does not become a party plaintiff.

The Court passed an order *nisi* on Consolidated's petition, and on July 12, 1955, heard arguments thereon. On August 23, 1955, the Court, ruling that Article 75, Section 3, of the Code is not applicable to this case, entered an order rescinding the order of October 15, 1954.

On August 29, 1955, the City filed another petition to force Consolidated into the case as a plaintiff. This time, however, the petition was directed, not against Consolidated, but against Ronald L. Moore, the plaintiff. The City prayed the Court to order the plaintiff to join the "real party in interest" as a party plaintiff.

The Court passed an order *nisi* thereon, and plaintiff filed an answer asserting that he was the "real party in interest," and that he had no authority to compel Consolidated to become a party plaintiff.

Although Consolidated was not served with a copy of the City's petition, it asked the Court for leave to file its objections to the petition, as there was no doubt that the City considered it the "real party in interest." Consolidated thereupon made the following averments, which were included in the record: (1) The basis of the City's petition was not different from its previous one. (2) There was no precedent for compelling an injured employee, who has been awarded workmen's compensation, to force his employer to become a plaintiff in his damage suit against a tortfeasor without the employer's consent. (3) Defendants have no rights to be protected by having Consolidated joined as a party plaintiff or use plaintiff, because any reimbursement to which Consolidated may be entitled out of any judgment rendered against defendants is solely a matter between the employee and Consolidated.

Consolidated then made the following additional statement in explanation of its position:

> "This Company is presently a party defendant in another suit arising out of the same cause of action and undoubtedly will be named such in others. To be in the position of plaintiff in one action against parties who are codefendants with

it in others would be incompatible and, in its own best interests, this Company cannot consent to being named in an employee's action against said codefendants.

"The only effect of granting the petition and joining this Company as party plaintiff in a proceeding in which it also will be party defendant will be to confuse the jury and obscure the issues in an already complex and difficult case."

On September 16, 1955, the Court, after hearing arguments of counsel, entered an order denying the City's second petition. It was from that order that the City appealed.

Plaintiff filed a motion to dismiss the appeal. He contended that the order of August 23 was a final order, but that the order of September 16 was interlocutory.

The Maryland Code expressly provides that any party may appeal to the Court of Appeals from any judgment or determination of any court of law in any civil suit or action. Code 1951, art. 5, sec. 2. The Court of Appeals has interpreted the words "judgment or determination" in this statute to mean final judgment or determination. *State v. Harman,* 199 Md. 209, 212, 86 A. 2d 397, 398; *Hunt v. Tague,* 205 Md. 369, 373, 109 A. 2d 80.

In *Baltimore Transit Co. v. State, to Use of Schriefer,* 183 Md. 674, 39 A. 2d 858, 156 A. L. R. 460, an action to recover damages from the transit company for the death of an employee of the City of Baltimore, it appeared that the State Industrial Accident Commission had ordered the City to pay compensation to the workman's dependents. The transit company obtained an order making the City a third party defendant. The City subsequently moved to strike out that order. The Court granted the motion, and the transit company appealed. The Court of Appeals affirmed the order striking out the City as a party defendant. No question was raised as to the right of the transit company to appeal.

*Standard Wholesale Phosphate & Acid Works v. Rukert Terminal Corporation,* 193 Md. 20, 65 A. 2d 304, was an

employee's suit against the appellant, the owner of an appliance which injured him on a vessel. The appellant filed a third party complaint against the appellee, which had paid compensation to the employee. The appellee moved to strike out the order allowing the impleading, claiming that it was not liable for damages. The Court granted the motion, and entered judgment for costs in favor of the appellee. Appeal was taken from the judgment. No question was raised as to whether the action of the Court was final, but the action was affirmed by the Court of Appeals.

In *Northwestern National Insurance Co. v. Samuel R. Rosoff, Limited,* 195 Md. 421, 433, 73 A. 2d 461, 466, certain property owners brought suits against their insurance companies to recover damages caused by explosions which occurred during the construction of a water tunnel in the City of Baltimore. The City and the appellee, the contractor, were made third party defendants. Motions were thereafter filed by the City and the appellee to strike out the orders impleading them. The judge granted the motions, and the insurance companies appealed. The Court of Appeals held that the orders granting the motions of the third party defendants to strike out the impleading orders finally terminated litigation between the insurance companies and the third party defendants, and therefore were final determinations from which appeals could be taken.

Chief Judge Marbury said in the opinion in that case:
"A situation where a third party is impleaded differs materially from one where an application to implead is denied. Where a third party is impleaded, he is in no worse situation than if he had been originally sued. Nothing final has been decided against him. He still has the opportunity to try his case, and if it goes against him, he can then appeal. No rights of the original plaintiff have been interfered with, because the result is only that he has another defendant in the case, against whom he may re-

cover. * * * On the other hand, where the trial court declines to implead a third party, the defendant's right to proceed against that third party, in that proceeding, has been finally determined, and he should have the right to have that question settled by the appellate court before he is forced to submit to trial without such third party in the case. We think, where impleading is denied, the spirit and intention of the rule are best served by immediate appeals."

See also *Weinberg v. Fanning*, 208 Md. 567, 570, 571, 119 A. 2d 383, 386.

In the case at bar the order of August 23 struck out Consolidated as a party plaintiff. The City relied on both the Workmen's Compensation Act and the Pleading and Practice Act. It contended that the action should be prosecuted by the employer, as a real party in interest, as well as by the employee, because the statute provides that the Court shall order any person having a right of subrogation to be made a party plaintiff upon the petition of any defendant to the action. As the order finally determined that the City did not have the right to bring Consolidated into the case as a party plaintiff, it was a final determination from which the City had the right to appeal to the Court of Appeals.

However, the City did not take any appeal from that order. We accordingly cannot consider whether the Court acted improperly in passing that order. Every appeal from any judgment or determination of a court of law to the Court of Appeals, other than appeals from decisions in those cases expressly excepted by the rule, must be taken within 30 days from the date of such judgment or determination. Rules of Court of Appeals, rule 2.

The issue on the City's petition of August 29 was the same as the issue on its first petition, namely, whether the City could compel plaintiff's employer to become a party plaintiff. The Court's action on the first petition is the law of the case. *Summers v. Plank*, 208 Md. 404, 118 A. 2d 509. It is an established rule in this State that

if a party has a choice between two actions upon the same demand, and he selects one, which is decided by a competent court, he will not be permitted to resort to the other. *Beall v. Pearre,* 12 Md. 550, 566; *Walsh v. Chesapeake & Ohio Canal Co.,* 59 Md. 423, 427, 428; *Gibbs v. Didier,* 125 Md. 486, 499, 94 A. 100; *Williams v. Messick,* 177 Md. 605, 612, 11 A. 2d 472, 129 A. L. R. 1035.

For these reasons we will affirm the order appealed from and remand the case for further proceedings.

*Order affirmed and case remanded, with costs.*