**Nathaniel THOMAS, Appellant-Plaintiff,**

**v.**

**AETNA CASUALTY AND SURETY COMPANY (Appellee-Plaintiff), Fischbach & Moore, Inc. (Defendant).**

**No. 71–1977.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 26, 1972.

Decided Nov. 27, 1972.

---

Mr. Walter T. Evans, Washington, D. C., for appellant.

Mr. John F. Gionfriddo, Washington, D. C., with whom Mr. M. S. Mazzuchi, Washington, D. C., was on the brief for appellee, Aetna Casualty and Surety Co.

Before WRIGHT, LEVENTHAL and WILKEY, Circuit Judges.

WILKEY, Circuit Judge:

Appellant suffered injuries in the course of his employment with Norair Engineering Company. Following the injury the workmen's compensation carrier for Norair, appellee herein, paid appellant approximately $22,000 in benefits. In Maryland, where the accident occurred, the workmen's compensation carrier has for a specified period of time the exclusive right to institute an action against any third party who may be liable for the injuries to the employee.[1] After the expiration of that period, the injured employee may retain counsel and himself bring an action for damages against the third party.

More than two months after the expiration of the statutory period during which the carrier may bring suit, appellant filed an action against a third party in the District of Columbia. Defendant thereupon moved, under District of Columbia law, to compel the entry of appellee as a real party in interest for its subrogated right in the $22,000 paid appellant. Upon being joined as a real party, appellee retained its own separate counsel to represent its interests. The jury awarded a verdict in the amount of $75,000. Of this amount, appellee was to receive $22,000 as reimbursement for the workmen's compensation payments; the remainder of the $75,000 was payable to appellant.

Following the verdict, appellant moved to assess appellee for a proportionate share of appellant's attorney's fees. The trial judge denied this motion and held that appellant was not entitled to any contribution from appellee for attorney's fees, on the ground that appellee had retained its own counsel who had participated in the trial. Supposedly this retention of separate counsel had relieved appellee of any obligation to contribute to appellant's costs in bringing and prosecuting the action.

Appellant seeks reversal of this denial of his motion for contribution; this constitutes the only issue on appeal. For reasons given below, we reverse the trial court's denial of appellant's motion, and hold that he is entitled to contribution from appellee in the proportion that the amount recovered by appellee bears to the entire amount awarded by the jury.[2]

## I.

The result in this case is dictated by the clear language and easily perceived purpose of the Maryland Workmen's Compensation Law. The act provides that for a period of time the workmen's compensation carrier shall have the exclusive right to institute a damages action against a third party who caused injury to one of the carrier's insured. After this period, the injured employee may enforce the liability against the third party.

The recoverability of attorney's fees is governed by two parallel provisions of the same statute. If the carrier exercises its prior right to institute the action, the statute provides the insurance company may recover "the expenses and costs of action incurred by the . . . insurance company . . . ."[3] Con-

1. Md.Ann.Code art. 101, § 58 (1957 ed., 1964 replacement vol.).

2. In other words, appellee is required to pay $\frac{22}{75}$ths of the attorney's fees in-

curred by appellant in obtaining the judgment.

3. Md.Ann.Code art. 101, § 58 (1957 ed., 1964 replacement vol.).

versely, if the carrier leaves the institution of the suit to the injured employee, the statute imposes a parallel duty of contribution upon the carrier by providing that attorney's fees and costs "shall be paid by the injured employee and . . . insurance company . . . in the proportion that the amount received by each shall bear to the whole amount paid in settlement of any claim or satisfaction of any judgment obtained in the case . . . ."[4]

The intent of the statute is clear beyond dispute. The party bringing the suit is entitled to have the other party, which has benefited from the suit as a co-plaintiff (albeit initially a reluctant one), contribute its share of attorney's fees and court costs. The non-instituting party plaintiff may, of course, retain separate counsel to represent its own interest. If the party does, however, it does so voluntarily and its unilateral action has no effect on its statutory obligation to share in the expenses incurred by the instituting party. To hold otherwise would render the statute meaningless since a party could avoid contribution by simply hiring a lawyer.

Appellee in his brief does not dispute that this is essentially the relationship envisioned by the statute.[5] Appellee contends, however, that this relationship is somehow altered by virtue of the action being brought in the District of Columbia rather than Maryland. Appellee asserts that District of Columbia law declares that a carrier such as appellee is a real party in interest[6] and therefore can be compelled to pursue its statutory lien actively in the trial court by entering an appearance as a party plaintiff. This is true, but the conclusion appellee seeks to draw does not follow. For, although appellee argues that under these circumstances it has a right to retain its own separate counsel to protect its interests and that to require contri-

bution would mean that it would have to pay two sets of attorney's fees, appellee's argument ignores the fact that Maryland law regarding real parties in interest is identical to that of the District of Columbia and was at the time the statute governing proration of attorney's fees was passed.[7]

Appellee's attempt to distinguish the present action from one brought under Maryland joinder rules is simply incorrect. The Maryland legislature knew that the noninstituting party might be joined as a real party to the action. The legislature undoubtedly assumed that, if joined, the noninstituting party would simply designate the lawyer chosen by the initiating party to represent its interests. There is no probable situation, certainly not in the case at bar, in which the interests of the initiating plaintiff would be at odds with that of the subrogated insurance carrier who is brought in as another real party in interest. Both injured workman and compensation carrier are interested in the maximum recovery from the defendant whose liability for the injury can be established. The compensation carrier gets the first money recovered, up to the amount it has paid out to the injured plaintiff. All money above goes to the injured plaintiff who brought the lawsuit.

The carrier is lucky to have an insured willing to undertake the burden of bringing the suit; it can only benefit, for no judgment could possibly be rendered against the carrier brought in as a real-party-in-interest plaintiff. In this situation, if the insurance carrier retains its own counsel, instead of accepting the proffered free ride, it does so at its own expense. The carrier still is obligated under the statute to pay its proportionate share of the attorney's fees, its recovery in ratio to the overall recovery. The carrier cannot reduce ei-

4. *Ibid.*

5. Brief for appellee at 3–4.

6. City Stores Co. v. Lerner Shops of District of Columbia, Inc., 133 U.S.App. D.C. 311, 410 F.2d 1010 (1969).

7. Md.Ann.Code art. 75, § 3 (1951 ed.).

ther the plaintiff's own net recovery or the fee to his attorney by retaining its own counsel and on that ground declining to make its statutory share contribution to the plaintiff's attorney fees.

## II.

Appellee argues that his position is strengthened by the reasoning of a District Court decision in McCally v. Hartford Accident & Indemnity Co.[8] There, as in this case, an injured worker received an award under the Maryland Workmen's Compensation Act. Subsequently the worker engaged counsel and brought suit in the District of Columbia against an allegedly negligent third party. The carrier, through its claims manager rather than counsel, cooperated with the insured's attorney to bring about a settlement and recovery from the third party without the need for litigation. The carrier's attorney asked for a proportionate share of the attorney's fees for the services provided by the claims manager in securing the settlement of the claim against the third party. The District Judge held that due credit must be given for the work done by the claims manager for the carrier, and awarded a percentage of the amount recovered to the carrier.

Despite superficial similarities between *McCalley* and the instant case, the two are clearly distinguishable. *McCally* is essentially based on a theory of quasi-contract: the carrier (through its claims manager) performed services that benefited the injured worker, the worker encouraged those activities, the worker should therefore pay the carrier the fair value of those services.[9] The amount granted the carrier was not based upon any pre-existing right to receive attorney's fees. The award was simply the District Court's estimate of the value of the carrier's services.[10]

When confronted with this interpretation of *McCally*, appellee attempted to argue that he, too, had participated in the preparation of the case and the argument at trial and should therefore be permitted to recover for his services. Upon examination, however, it appears that the carrier's attorney's only efforts were to answer depositions put to the carrier and its insured, participate in some minor pre-trial activities, and make a brief closing statement to the jury. Appellee would have been required to act in the role of witness and furnish all relevant information on demand of either party to the lawsuit, whether the carrier was ever named as a real party in interest or not. Thus there is no basis for arguing that answering the depositions was done as an extra service to appellant in furtherance of appellant's case. Without in any way reflecting adversely on appellee's counsel's capacity, under the circumstances here there is no reason to think that appellee's pre-trial efforts or closing statement to the jury aided in the successful conclusion of the case. Certainly both of these activities could have been delegated to appellant's counsel without adversely affecting the outcome. We note that it was the defendant who desired appellee insurance company's presence as a party in the lawsuit, not appellant-plaintiff.

---

8. 247 F.Supp. 444 (D.D.C.1965).

9. "It is a fact, and the Court finds that . . . [the carrier's claims manager] actively participated with . . . [the worker's lawyer] in the negotiations which led to the settlement. The mere fact, however, that a party assists counsel in the work that the latter does, does not abrogate liability for counsel fees. In many cases counsel is actively aided by his client. It does not follow that the client does not have to pay counsel fees. As a matter of equity, however, as is conceded candidly by counsel for the plaintiff, it is fair that some recognition should be given to . . . [the carrier] for the fact that part of the work that resulted in the settlement was performed by its own representative. Accordingly, while the Court concludes that the plaintiff is entitled to recover, it will give due credit for the share of the work that was done by . . . [the carrier]." *Id.* at 446.

10. *Id.* at 447.

For these reasons the action of the trial court in refusing to order contribution by appellee of a proportionate share of appellant's attorney fees is

Reversed.