590 A.2d 161

**SOUTH DOWN LIQUORS, INC.**

v.

**Roy D. HAYES, Jr.**

**No. 153, Sept. Term, 1989.**

Court of Appeals of Maryland.

May 29, 1991.

T. Michael Preston (Anderson, Coe & King, both on brief), Baltimore, for petitioner.

H. Robert Scherr (Scherr, Cole & Murphy, all on brief), Pikesville, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE,* COLE, RODOWSKY, McAULIFFE,** ADKINS and CHASANOW, JJ.

McAULIFFE, Judge.

Respondent suffered an accidental injury arising out of and in the course of his employment. More than two months after receiving an award of compensation, and after receiving workers' compensation benefits of $37,323 from his employer's compensation insurer, respondent filed an action against petitioner in the Circuit Court for Anne Arundel County, contending that petitioner's negligence caused his injury. Petitioner, relying on the provisions of Maryland Rules 2–201 and 2–211, filed a motion asking the

---

\* Cole, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

\*\* Adkins, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision and adoption of this opinion.

court to order the joinder of the workers' compensation insurer as an additional party plaintiff. Judge H. Chester Goudy denied the motion, holding that "Maryland Rule 2–211 does not require that [the insurer] be joined as a party to this action." The Court of Special Appeals affirmed. *South Down Liquors v. Hayes*, 80 Md.App. 464, 564 A.2d 119 (1989). We granted certiorari and we affirm.

The rights of a workers' compensation insurer to bring a third-party action, and to voluntarily intervene in a third-party action brought by an injured employee are firmly established by statute, Maryland Code (1957, 1985 Repl. Vol., 1990 Cum.Supp.) Art. 101, § 58, and by case law, *Collins v. United Pacific Ins. Co.*, 315 Md. 141, 148 n. 5, 553 A.2d 707 (1989). This case involves a different joinder question—whether a defendant in a third-party action may require the involuntary joinder of the compensation insurer.

Petitioner's principal argument is that Rule 2–201 requires joinder. This Rule provides:

> Every action shall be prosecuted in the name of the real party in interest, except that an executor, administrator, personal representative, guardian, bailee, trustee of an express trust, person with whom or in whose name a contract has been made by the benefit of another, receiver, trustee of a bankrupt, assignee for the benefit of creditors, or a person authorized by statute or rule may bring an action without joining the persons for whom the action is brought. When a statute so provides, an action for the use or benefit of another shall be brought in the name of the State of Maryland. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for joinder or substitution of the real party in interest. The joinder or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Rule 2–201 largely tracks FRCP 17(a), and federal precedent is therefore helpful in determining the procedural requirements of the Rule.

Apart from stylistic changes, Maryland Rule 2–201 differs from FRCP 17(a) in two respects. First, the Maryland Rule follows the pre–1966 style of FRCP 17(a) by placing the word "except" at the beginning of a representative list of parties who may bring actions as real parties in interest even though they are not the ultimate beneficiaries of the action. The 1966 amendment to Rule 17(a) removed the word "except" in order to "make it clear that the specific instances enumerated are not exceptions to, but illustrations of, the rule." Notes of Advisory Committee on Rules, 1966 amendment. This Court did not make the same style change when adopting Rule 2–201, but that fact is not substantively significant. The non-exclusive enumeration found in Rule 2–201 is not a list of exceptions. Rather, it provides illustrations of specific instances of real parties in interest who are permitted by substantive law to bring an action for the benefit of another, and is intended only to illustrate the application of the Rule in contexts that might otherwise cause confusion.

The second difference between Rule 2–201 and FRCP 17(a) is the absence in the Maryland Rule of the concept of "ratification" by a real party in interest of an action brought by one not a real party in interest. This concept, which traces its origin to admiralty law, has rarely been used in the federal courts, see 3A *Moore's Federal Practice* § 17.15–1 at 17–184 (2d. ed. 1984), and was intentionally omitted from Rule 2–201, see Minutes of the Standing Committee on Rules, May 11 & 12, 1979, at 16.

Both Rule 2–201 and FRCP 17(a) require that "[e]very action shall be prosecuted in the name of the real party in interest." With the exception of a few illustrations, neither rule attempts to define who is, or is not, a real party in interest in any specific context. In a recent article, Professor June Entman suggests it is "well settled ... that a 'real party in interest' is one who, under the substantive law, has the right to bring and control the action, and that this person is not necessarily the beneficially interested party." Entman, *More Reasons for Abolishing Federal Rule of*

*Civil Procedure 17(a): The Problem of the Proper Plaintiff and Insurance Subrogation,* 68 N.C.L.Rev. 893, 900 (1990), citing, *inter alia,* 6A C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1543 at 334 (2d. ed. 1990) (the real party in interest is "the person who, according to the governing substantive law, is entitled to enforce the right"); Kennedy, *Federal Rule 17(a): Will the Real Party in Interest Please Stand?,* 51 Minn.L.Rev. 675, 678 (1967) ("Thus the real party is the one with legal power to control the lawsuit and may be different from the person who will ultimately be benefited if the suit is successful."); Simes, *The Real Party in Interest,* 10 Ky.L.J. 60, 61 (1921) ("The real party in interest is the one to whom the substantive law of the case gives the right to bring and control the action.").

■ As Judge Wilner cogently pointed out for the Court of Special Appeals, the command that an action be brought by the real party in interest traces its origin to statutes and rules which were permissive in nature, authorizing plaintiffs such as assignees to bring actions at law in their own names rather than in the names of the assignors. *South Down Liquors v. Hayes, supra,* 80 Md.App. at 475–78, 564 A.2d 119. *See also* Atkinson, *The Real Party In Interest Rule: A Plea For Its Abolition,* 32 N.Y.U.L.Rev. 926 (1957). Notwithstanding its permissive origins, Rule 2–201 does have a mandatory component. If the party bringing an action is not the real party in interest, the action may be dismissed, provided a reasonable time is allowed after objection "for joinder or substitution of the real party in interest."

■ In the context of the case before us, we must consider the proper application of Rule 2–201 in the situation where there are two real parties in interest, each of whom has the right to bring an action for the entire claim, and only one brings the action. As the Court of Special Appeals pointed out, under the substantive law of this

State, the employee (respondent) and the insurer each have the right to bring this action.

With the gloss of case law, [Art. 101] § 58, in effect, affords an employer/insurer three "rights" to proceed against the third party, and it affords the employee two such "rights." During the first two months following passage of the award, the employer/insurer has the sole, exclusive right to sue the third party, thereafter, it has a concurrent right with the employee to bring the action; and, during that period of concurrency, it has a right under Md.Rule 2–212 (Permissive Joinder of Parties) to intervene in any action brought initially by the employee. *See Collins v. United Pacific Ins. Co.*, 315 Md. 141, 148 n. 5, 553 A.2d 707 (1989), and cases cited therein. The employee has no exclusive right comparable to that of the employer/insurer. He does, however, have the concurrent right to sue after the expiration of the two-month period and, if an action is brought by the employer/insurer, he would have the right under Rule 2–212 to intervene in it.

*South Down Liquors v. Hayes, supra,* 80 Md.App. at 467–68, 564 A.2d 119. This action was brought more than two months after the compensation award was passed. Thus, each party is a real party in interest as to the entire claim. In this instance of statutory subrogation, each party fits the illustration of Rule 2–201 of "a person authorized by statute ... [to] bring an action without joining the persons for whom the action is brought."

The question, then, is whether Rule 2–201 requires that all parties in interest join in bringing the action, or whether the Rule is satisfied when one party entitled to bring the action does so. In *Stark v. Gripp*, 150 Md. 655, 658–59, 133 A. 338 (1926), this Court considered the effect of the workers' compensation statute, and held that joinder of the insurer was not required. *See also Baltimore Transit Co. v. State*, 183 Md. 674, 678, 39 A.2d 858 (1944) ("[s]ince the [workers' compensation] statute fixes the right to reimbursement, the employer or insurer is not a neces-

sary party to a suit by the employee"). We hold that under the circumstances of this case,[1] the bringing of the action by the employee, who is clearly a real party in interest under the law of this State, satisfies the requirement of Rule 2–201.

Our decision that Rule 2–201 does not compel joinder in this case does not complete our inquiry. Petitioner argued below, and argues here, that Rule 2–211 requires joinder of the compensation insurer. Rule 2–211, which is derived from and which essentially tracks FRCP 19, provides in pertinent part:

(a) **Persons to be Joined.**—Except as otherwise provided by law, a person who is subject to service of process shall be joined as a party in the action if in the person's absence

(1) complete relief cannot be accorded among those already parties, or

(2) disposition of the action may impair or impede the person's ability to protect a claimed interest relating to the subject of the action or may leave persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations by reason of the person's claimed interest.

The court shall order that the person be made a party if not joined as required by this section. If the person should join as a plaintiff but refuses to do so, the person shall be made either a defendant or, in a proper case, an involuntary plaintiff.

---

**1.** We need not, and do not, address, except in general terms, the application of Rule 2–201 to the variety of subrogation cases that arise. As this Court pointed out in *Security Ins. Co. v. Mangan,* 250 Md. 241, 245–49, 242 A.2d 482 (1968), subrogation may be legal (arising from equitable principles), conventional (arising from agreements), or statutory, and rights flowing from conventional and statutory subrogation will vary with the terms of the agreements and statutes involved. The question in each case will involve the nature of the claim, and the legal right of the party to bring an action for that claim.

**(b) Reasons for Nonjoinder.**—A pleading asserting a claim for relief shall state the name, if known to the pleader, of a person meeting the criteria of (1) or (2) of section (a) of this Rule who is not joined and the reason the person is not joined.

**(c) Effect of Inability to Join.**—If a person meeting the criteria of (1) or (2) of section (a) of this Rule cannot be made a party, the court shall determine whether the action should proceed among the parties before it or whether the action should be dismissed. Factors to be considered by the court include: to what extent a judgment rendered in the person's absence might be prejudicial to that person or those already parties; to what extent the prejudice can be lessened or avoided by protective provisions in the judgment or other measures; whether a judgment rendered in the person's absence will be adequate; and finally, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Article 101, § 58 permits an employee to bring, and prosecute to a conclusion, the entire claim the employee may have against an alleged tort-feasor, including damages that may have been paid by the compensation insurer. The statute also provides the mechanism for fully protecting the insurer's share of any recovery made by the employee. Accordingly, the entire claim is fully litigated in an action brought by the employee, and a final judgment entered in the case will serve as a complete bar to any later claim by the insurer. Joinder is not required by Rule 2–211(a) because 1) complete relief can be accorded among those already parties, and 2) disposition of the action will not impede the insurer's ability to protect its interest or subject the alleged tort-feasor (petitioner) to the risk of multiple or inconsistent obligations by reason of the insurer's interest.

Accordingly, we hold that a defendant in a third-party action properly brought by an injured employee may not compel the involuntary joinder of a workers' compensation insurer.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED; COSTS TO BE PAID BY PETITIONER.