## KLOZE *v.* PROVIDENT SAVINGS BANK OF BALTIMORE ET AL.

[No. 23, September Term, 1959.]

*Decided October 16, 1959.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Alexander P. Kloze,* in proper person, for the appellant.

The Court declined to hear argument for the appellees.

*Bradley T. J. Mettee, Jr.,* and *James P. Garland* were on the brief for Provident Savings Bank of Baltimore, one of the appellees.

*C. Ferdinand Sybert, Attorney General,* and *Joseph S. Kaufman, Assistant Attorney General,* were on the brief for W. H. Kirkwood, Bank Commissioner, State of Maryland, the other appellee.

PER CURIAM.

This appeal is from an order directing that the sum of $1440.97, paid into court by the complainant, be applied to the payment and satisfaction of the claim of the Provident Savings Bank of Baltimore upon the complainant's note held by it, referred to in the bill for declaratory decree. The complainant, appellant, seeks to raise a number of points in connection with the note. He argues that the note is void, on the ground that the Bank had not obtained a license to operate under the "Maryland Industrial Finance Law," Code (1957), Art. 11, sec. 163, *et seq.,* and that the interest and charges in the note exceeded those permitted by said article. We do not reach these questions. The payment into court by the complainant, of the "total balance" he alleged to be due on the loan, was in legal effect a tender, under Maryland Rule 325 a, and its acceptance by the Bank, under Rule 325 b 1, put an end to the controversy and terminated the only justiciable issue. Cf. *Gamble v. Sentman,* 68 Md. 71, 76, and *Hodgson v. Phippin,* 159 Md. 97, 100. See also *Patuxent Oil Co. v. County Commissioners of Anne Arundel County,* 212 Md. 543, 548.

The appellant also seeks to raise on this appeal the propriety of a previous order of court dismissing a petition of the complainant to have the appellee, the Bank Commissioner,

made a party to the proceeding. This appellee filed a motion to dismiss the appeal as to him, on the ground that the order in question was final and appealable forthwith, and that hence the appeal from the subsequent order was not in time under Rule 812, and could not properly bring before us the correctness of the previous order. We think the point is well taken. See *City of Baltimore v. Moore,* 209 Md. 516, 523, and *Northwestern Nat. Ins. Co. v. Samuel R. Rosoff,* Ltd., 195 Md. 421, 433.

> *Order affirmed, with costs. Appeal dismissed, as to the appellee, Kirkwood, with costs.*